UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR OZUNA,<br>Plaintiff,<br>v.<br>TAREK TADROS,<br>Defendant. | Case No. 1:26-cv-00769-EPG (PC)<br><br>ORDER DIRECTING PLAINTIFF'S SUCCESSOR OR REPRESENTATIVE TO FILE A MOTION TO SUBSTITUTE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25<br><br>(ECF No. 18)<br><br>ORDER DIRECTING THE CLERK OF COURT TO MAIL A COPY OF THIS ORDER TO REBECCA LOPEZ |

Plaintiff Hector Ozuna, proceeding *pro se* and *in forma pauperis*, filed this civil rights action on January 29, 2026 pursuant to 42 U.S.C. § 1983. (ECF No. 1). This case proceeds on Plaintiff's claim for deliberate indifference to serious medical needs against Defendant Tarek Tadros, who performed oral surgery at Kern Valley State Prison.

On September 22, 2026, Defendant filed a Statement Noting Death of Plaintiff Hector Ozuna. (ECF No. 18). Hector Ozuna is the sole plaintiff in this action.

## I. FEDERAL RULE OF CIVIL PROCEDURE 25

In California, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20(a).

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). The motion for substitution may be made by any party or by the decedent's successor or representative and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Fed. R. Civ. P. 25(a)(1)(3). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

Here, Defendant filed the statement of death on September 22, 2026. (ECF No. 18). Defendant also filed proof of personal delivery and mail service on September 21, 2026 of the statement of death on Plaintiff's next of kin, Rebecca Lopez, at 1895 West Devonshire Avenue, Hemet, CA 92545. (*Id.* at 5).

Accordingly, pursuant to Rule 25, Plaintiff's successors or representatives, including Ms. Lopez, must file a motion for substitution, together with the notice of hearing, **no later than December 21, 2026**. The motion for substitution shall be served on the parties as provided in Rule 5 of the Federal Rules of Civil Procedure and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Pursuant to Rule 25, if motion is not made by December 21, 2026, the underlying action must be dismissed. Fed. R. Civ. P. 25(a)(1).

## II. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's successors or representatives, including Ms. Lopez, must file a motion for substitution, together with the notice of hearing, **no later than December 21, 2026**.
2. **<u>Failure to file a motion for substitution of Plaintiff Hector Ozuna by December 21, 2026 will result in dismissal of this action pursuant to Rule 25.</u>**

\\\

\\\

\\\

\\\

3. The Clerk of Court is directed to send a copy of this order to Rebecca Lopez at 1895 West Devonshire Avenue, Hemet, CA 92545.

IT IS SO ORDERED.

Dated: **September 23, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE